Major and Christine Dunn v. Commissioner.
Dunn v. Commissioner
Docket Nos. 32142, 34509.
United States Tax Court
1953 Tax Ct. Memo LEXIS 66; 12 T.C.M. (CCH) 1294; T.C.M. (RIA) 53356; November 10, 1953
Malcolm E. Rosser, Esq., for the petitioners. William B. Riley, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined deficiencies in the income tax of petitioners for the year 1947 in the amount of $95 and for the year 1949 in the amount of $161. The petitioners, residents of Muskogee, Oklahoma, filed joint income tax returns for the taxable years with the collector of internal revenue for the district of Oklahoma. In their income tax return for 1947, the petitioners claimed an exemption credit for Christine Dunn's mother as a dependent, and in their income tax return for 1949 they claimed exemption *67 credits for her mother and for her father as dependents. The respondent disallowed the dependency exemptions claimed for both years, and the controversy herein results from these disallowances. Clem and Ada Cookson, the father and mother of Christine Dunn, were approximately 61 or 62 years of age in 1947. They had eight children, the youngest of whom, Curtis Cookson, was about 16 or 17 years old in 1947. Curtis lived with them during 1947 while going to high school. Their daughter, Linda K. Cookson, who was about 21 years old, also lived with them during that year. The remaining six children were over twenty-one years of age and did not live with their parents. During the year 1947, Clem and Ada Cookson and their two youngest children lived in an apartment in a house rented and occupied by petitioners. Petitioners paid the rent of $18 per week on this house, $7 of which was allocable to that part of the house occupied by the four Cooksons. Petitioners also furnished the food needed by the four Cooksons. Petitioners' expenditures for food for their family and the four Cooksons amounted to approximately $60 every two weeks. Christine Cookson furnished her mother with any clothing *68 that she required during 1947. During that year Clem Cookson was employed for about a week in connection with the remodeling of a building. Curtis Cookson went to high school, and, when not so engaged, worked a little on odd jobs. Some time during the latter part of 1947 or 1948, Clem and Ada Cookson moved to a farm ten miles south of Parkhill, Oklahoma, on which there was a four-room house. When they made this move, a small amount of furniture, some of which was secondhand, and a radio were purchased for them by Christine Dunn. Another daughter, Anna Weatherford, contributed a part of the cost. Clem and Ada Cookson lived on the farm during 1949. The rent for the farm was paid by Clem Cookson. He "worked out" his rent. On the farm the Cooksons raised chickens, a few hogs, and some garden products. Petitioners visited the Cooksons on the farm almost every week-end during 1949, and furnished them with some groceries on these visits to supplement the food raised on the farm. They also gave them $5 or $6 about once a month if they needed money for a doctor or for medicine. Other children of the Cooksons made some gifts of undisclosed amounts to their parents, and, when they visited the *69 farm, brought some groceries. Section 25 (b) (1) of the Internal Revenue Code allows a taxpayer a credit exemption for each "dependent" whose gross income is less than $500 (as applicable to years prior to 1951) and who has not made a joint return with his spouse. A "dependent" is defined in Section 25 (b) (3) as a person over half of whose support was received from the taxpayer, who comes within a specified degree of relationship, and who is not a nonresident alien. We are convinced from the evidence that the petitioners contributed more than onehalf of the support of Ada Cookson during the year 1947, and that they also satisfied the other requirements of Section 25 (b) which had to be met in order to entitle them to a dependency credit for her. The respondent erred in disallowing the dependency credit of $500 claimed by petitioners for Ada Cookson in their joint return for the year 1947. During the year 1949 Clem Cookson did sufficient work to earn the rent due for the use of the farm. Whether or not he realized income from other services is not clear. We are satisfied that the farm did provide him and his wife during 1949 with a substantial amount of *70 their food requirements, and that, while petitioners gave them some groceries and a small amount of cash during that year, they received additional and similar contributions from some of their other children. Petitioners have not sustained their burden of proving that they furnished more than one-half of the support of Clem and Ada Cookson during 1949, and the respondent's disallowance of the dependency exemptions claimed for Clem and Ada Cookson in petitioners' joint return for that year is sustained. Decisions will be entered under Rule 50.